IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| DARRYL K. MCMAHAN | ) | ORDER |
| | ) | |
| Plaintiff, | ) | Nos. |
| | ) | 1:22-cv-00136-MR-WCM |
| v. | ) | 1:22-cv-00171-MR-WCM |
| | ) | 1:22-cv-00172-MR-WCM |
| LOWELL S. GRIFFIN | ) | 1:22-cv-00173-MR-WCM |
| *in his official capacity as* | ) | 1:22-cv-00174-MR-WCM |
| *Sheriff of Henderson County,* | ) | 1:22-cv-00175-MR-WCM |
| WESTERN SURETY COMPANY | ) | 1:22-cv-00176-MR-WCM |
| *as surety for the Sheriff* | ) | 1:22-cv-00177-MR-WCM |
| KENNETH B. CLAMSER | ) | 1:22-cv-00178-MR-WCM |
| *individually and in his official capacity* | ) | 1:22-cv-00179-MR-WCM |
| | ) | 1:22-cv-00181-MR-WCM |
| Defendants. | ) | 1:22-cv-00182-MR-WCM |
| | ) | 1:22-cv-00183-MR-WCM |
| | ) | 1:22-cv-00184-MR-WCM |
| | ) | 1:22-cv-00185-MR-WCM |
| | ) | 1:22-cv-00186-MR-WCM |
| | ) | 1:22-cv-00187-MR-WCM |
| | ) | 1:22-cv-00188-MR-WCM |
| | ) | 1:22-cv-00189-MR-WCM |
| | ) | 1:22-cv-00190-MR-WCM |
| _____ | ) | |

This matter is before the Court on Motions to Stay filed in the following cases (collectively, the "Second Twenty Cases"):

(1) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00136-MR-WCM (Doc. 10);

(2) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official*

*Capacity*, No. 1:22-cv-00171-MR-WCM (Doc. 5);

(3) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00172-MR-WCM (Doc. 5);

(4) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00173-MR-WCM (Doc. 5);

(5) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00174-MR-WCM (Doc. 5);

(6) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00175-MR-WCM (Doc. 5);

(7) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00176-MR-WCM (Doc. 5);

(8) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00177-MR-WCM (Doc. 5);

(9) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00178-MR-WCM (Doc. 5);

(10) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00179-MR-WCM (Doc. 5);

(11) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as*

*Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00181-MR-WCM (Doc. 5);

(12) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00182-MR-WCM (Doc. 5);

(13) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00183-MR-WCM (Doc. 5);

(14) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00184-MR-WCM (Doc. 5);

(15) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00185-MR-WCM (Doc. 5);

(16) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00186-MR-WCM (Doc. 5);

(17) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00187-MR-WCM (Doc. 5);

(18) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00188-MR-WCM (Doc. 5);

(19) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00189-MR-WCM (Doc. 5); and

(20) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, No. 1:22-cv-00190-MR-WCM (Doc. 5).

A hearing on the Motions to Stay was conducted on October 31, 2022. At the conclusion of the hearing, the undersigned denied the Motions to Stay. This Order memorializes that oral ruling.

## I. Relevant Background

On February 17, 2022, Lowell S. Griffin, Western Surety Company, and Kenneth B. Clamser (collectively, "Defendants") filed Notices of Removal in ten cases (the "First Ten Cases") bearing file numbers 1:22-cv-00028-MR-WCM; 1:22-cv-00029-MR-WCM; 1:22-cv-00030-MR-WCM; 1:22-cv-00031-MR-WCM; 1:22-cv-00032-MR-WCM; 1:22-cv-00033-MR-WCM; 1:22-cv-00034-MR-WCM; 1:22-cv-00035-MR-WCM; 1:22-cv-00036-MR-WCM; and 1:22-cv-00037-MR-WCM.

On March 25, 2022, the First Ten Cases were consolidated for discovery purposes, and Pretrial Orders were entered which set a deadline of November 8, 2022 for the parties to complete court-enforceable discovery and a deadline of December 8, 2022 for the parties to file dispositive motions, if any. Jury trials in each of the First Ten Cases are scheduled for the May 8, 2023 trial term.

In July and August of 2022, the Second Twenty Cases were initiated in this Court (either as original actions or via Notices of Removal).

In the First Ten Cases and the Second Twenty Cases, Plaintiff alleges that from 2008 until 2019, he owned and operated a cemetery monument sales business, and that even though he complied with (and/or intended to comply with) customer contracts, various warrants were issued for Plaintiff's arrest based on information provided by Defendant Clamser. Plaintiff further alleges that Clamser failed to conduct an appropriate investigation before seeking the warrants. Plaintiff asserts claims including malicious prosecution, abuse of process, and violation of his civil rights.

Plaintiff has also been indicted in multiple criminal cases, which are currently pending in Henderson County Superior Court. See No. 1:22-cv-00136-MR-WCM, Doc. 11-1 (the "Criminal Cases").

## II. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis, 299 U.S. at 255; see also Clinton v.

5

Case 1:22-cv-00174-MR-WCM    Document 10    Filed 11/02/22    Page 5 of 8

Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need").

### III. Discussion

In nineteen of the twenty Motions to Stay, Defendants initially requested stays of the Second Twenty Cases pending resolution of (1) the First Ten Cases and (2) the Criminal Cases.

In response, Plaintiff stated that while he opposed staying the Second Twenty Cases pending resolution of the Criminal Cases, he did not oppose staying the Second Twenty Cases pending resolution of the First Ten Cases.

Defendants filed replies advising that they "do not wish to proceed on their motion to stay…until the resolution of the pending criminal charges." Consistent with this position, Defendants have filed a Consent Motion to Stay in Case No. 1:22-cv-00189-MR-WCM requesting that the case be stayed pending resolution of the First Ten Cases. 1:22-cv-00189-MR-WCM, Doc. 5.

During the October 31 hearing, Defendants confirmed that they have withdrawn their request to stay the Second Twenty Cases pending resolution of the Criminal Cases and Plaintiff confirmed that he is not asking that the Second Twenty Cases be stayed while the Criminal Cases are completed.

With regard to the parties' arguments that the Second Twenty Cases should be stayed pending resolution of the First Ten Cases, as discussed during the October 31 hearing, the undersigned is not persuaded that such a stay is

necessary.

Although the parties advise that much of the overlapping discovery has been conducted, staying the Second Twenty Cases could heighten the risk of certain information becoming unavailable as memories fade, including the memories of fact witnesses who have not yet given deposition testimony.

Further, while Defendants assert that a stay of the Second Twenty Cases would allow them to litigate the issue of qualified immunity fully (including through appeal), Defendants also note that an appeal of a ruling regarding that issue could take an extended period of time.

Finally, if the Second Twenty Cases are not stayed and pretrial deadlines are put into place now in those cases, those deadlines could be modified later, if necessary.[1]

Under these circumstances, the undersigned concludes that the parties' concerns regarding efficiency can be addressed through the entry of pretrial orders in the Second Twenty Cases. Specifically, setting the Second Twenty Cases for trial during the Court's January 8, 2024 term would not delay the opening of discovery in the Second Twenty Cases, would allow some overlap between the First Ten and Second Twenty Cases, and would also allow an

---

[1] During the October 31 hearing, the parties agreed that if pretrial orders were entered in the Second Twenty Cases, it would be appropriate for those orders to follow the same format as the pretrial orders entered in the First Ten Cases.

additional discovery period in the Second Twenty Cases following trial of the First Ten Cases.

Further, similar to the First Ten Cases, the undersigned finds that consolidating the Second Twenty Cases for purposes of discovery only is appropriate.

**IT IS THEREFORE ORDERED** that:

1. The Motions to Stay are **DENIED**. The undersigned will enter a separate Pretrial Order and Case Management Plan in each of the Second Twenty Cases.

2. The Second Twenty Cases are **CONSOLIDATED** for purposes of discovery only.

Signed: November 1, 2022

W. Carleton Metcalf
United States Magistrate Judge